Case number 10-2527, People v. Randy Brown. Good morning. Good morning. Kristen Muller from the Office of the State Appellate Defender on behalf of the appellate. Assistant State's Attorney Sheila O'Grady-Kraniak on behalf of the people of the state of Illinois. All right. Good morning to both of you. And Ms. Muller, you may proceed. The sole issue before the court involves enforcing this court's order from Mr. Brown's direct appeal. In 2004, this court told the trial court to merge one of Mr. Brown's aggravated criminal sexual assault convictions into his aggravated kidnapping conviction, which would have made his aggravated kidnapping conviction and aggravated robbery sentences run concurrent to each other, but consecutive to the remaining aggravated criminal sexual assault conviction. Trial court re-merged the convictions as ordered, but otherwise misapplied this court's order by making all three convictions run consecutive. In that order, did the court tell the judge which of the aggravated criminal sexual assaults was to remain? I don't believe this court specified which one. And did the court in that, in the mandate or in the order, did the court say we direct the court to impose a concurrent sentence on the aggravated kidnapping and a consecutive sentence on the aggravated criminal sexual assault and then a concurrent sentence on the aggravated robbery? Was there anything like that? This court explained why the aggravated kidnapping couldn't be made consecutive because there was not severe bodily injury. All right, let's get right to that. Did the court ever say that there was no severe bodily injury? The about court? Yes. Yes. Where in the order? Do you recall? Not off the top of my head, no. Okay. Well, if it didn't say that, would your position be different? I've looked through the order multiple times. I don't know that the court ever said that. What the court said was that in order to have a triggering offense under the aggravated kidnapping statute, there would have to be a showing of severe bodily harm. I believe that's what it said. And there was no showing. The court, I believe, mentioned that there was no showing below that wasn't discussed at the first sentencing hearing and again at the resentencing hearing. Well, I don't think that the order went that far. First of all, that was another panel. But they never really say that. Now, when it went back to the trial judge, I believe what he concluded was that it was still mandatory consecutive sentencing with the aggravated kidnapping. Didn't he say that? Yes. Well, now, would you, do you believe that the offense of aggravated criminal sexual assault could amount to severe bodily harm? If there was some showing. Some showing of what? Severe bodily harm happened here. Yes, and what do you mean by that? That the KT, I believe, are the initials of the victim. She would have had to have suffered some injury that was determined to be severe bodily injury under the law. And do you mean some physical injury? Correct. Yes. And is it, would it be your position that as a general rule when a female or a male would be sexually assaulted that it couldn't be argued that that was severe bodily harm? I'm not making a general argument that no, that can't be argued. I'm saying that that wasn't the issue here. That wasn't something that was shown at the original sentencing hearing or again at the resentencing hearing. Well, at the resentencing hearing, would you say that there's only one way that the court could have imposed consecutive sentencing for the aggravated kidnapping? That would be that there was a Class X or a Class I or greater and severe bodily harm was committed. Correct, Your Honor. So the aggravated kidnapping, yes. And so the court, for whatever reason, said after the remand, it said, I still believe that this is a mandatory consecutive sentence under the aggravated kidnapping. Yeah, the trial court expressed great confusion over how to apply the statute and how to interpret this court's decision. Well, part of the reason was because when the court entered the order, it didn't say at all which of the two offenses of aggravated criminal sexual assault it should merge. That was part of the problem. I think the court said that. And the order doesn't say vacate, it doesn't say which one to vacate. It just says we're vacating one. I'm not sure that it matters, Your Honor, which one, whether it was the digital penetration or the penetration with the penis. Either way, one of them has to be used to fulfill the aggravated kidnapping conviction. There has to be a showing then of severe bodily injury as to either one, whether there's a difference between the two. In that regard, it remains to be seen. It just wasn't explored. Yeah, there are multiple cases, though, that say when the court imposes consecutive sentences under A on the basis of a severe bodily harm, that the court should remand for the trial court to make that determination on the record. Now, the parties haven't really briefed this, but there are several first district cases that say that. We have a trial judge who sentenced under the A section and said that I believe this is mandatorily consecutive, the aggravated kidnapping. The only way that he could have concluded that is if there was severe bodily harm. Right. However, Your Honor, the state even concedes that it was not proper, that what the trial court did was not proper. The state now concedes that on appeal. Well, we're not bound by anything that they concede. But let me ask you this. Are we talking about 15 years? Is that what your appeal is based on, the idea that the 15-year aggravated robbery should run concurrent? Correct, Your Honor. And that the aggravated kidnapping should run concurrent with the aggravated robbery, and the only consecutive sentence should be the aggravated criminal sexual assault, which is also consecutive to another 30-year sentence that this defendant is already serving. Correct. So either way, at the end of the day, if your position were correct, he would still be serving basically a 90-year sentence. Basically, he'll be in prison until he's 105 years old. He's 49 years old. Without the 15. That's without the 15, with about 120. And the other order does suggest, certainly, I would certainly agree, that the previous order does suggest that it was being remanded for the imposition of a different sentence than what had originally been imposed. Correct. This court asked that the sentences be re-merged. It explained in detail why it should be re-merged, aggravated kidnapping being the greater as charged under Section A3, and that the prejudice resulted because the aggravated robbery would then be concurrent. Does the finding that aggravated kidnapping is the greater offense, does that make sense when you look at the 8-4-A consecutive sentencing, that if he were to be found guilty of two acts of aggravated criminal sexual assault, which he was, that he would be subject to two consecutive terms? But if he's found guilty of an aggravated kidnapping based upon an aggravated criminal sexual assault, he's only subject to concurrent sentencing? Yes, Your Honor, I believe it does because it effectuates the legislative intent. And it also is in line with the Supreme Court's decision in People v. King, where if you're talking about a single course of conduct, which we are talking about here, and all of these multiple acts, you can't use aggravated criminal sexual assault when there's two acts of it to support three convictions. It would violate the legislative intent in the statutes. Well, I'm not sure I'm following. You mean the act of digital penetration and the act of vaginal penetration should not be punished separately? I mean, the Supreme Court said many years ago in a case called People v. Segarra that the legislature had clearly intended that there be a conviction for each offense of sexual assault, although I think that was under the rape statute back when that decision was entered. But they also indicated that, at least in that case or others, that the intent of the legislature has now been to punish each act of sexual penetration, whether it be digital or vaginal, you know, whatever. The multiple acts not only can serve multiple convictions, but that each act can be punished. And it is being punished in this case, Your Honor, when one of the acts is being used to support the aggravated kidnapping conviction. So both acts are being used to sustain convictions. There's two acts that can't be used to sustain three convictions. Yeah. But I'm just asking, what is the legislative intent? How is that being meted out when you're, if you're found guilty of aggravated criminal sexual assault and there's two acts, you would normally be subject to two triggering offenses. But by saying that this other offense is a greater offense, you're no longer subject to two consecutive sentences for two acts of sexual penetration. Well, Your Honor, it still is effectuating the intent of the consecutive sentencing statute, and it was up to the state to charge this in a manner that would effectuate, you know, maybe the result that they wanted, and they didn't. They could have chosen to charge aggravated kidnapping based on the aggravated robbery felony. They didn't. This is the way that they charged it. This is what my client was given notice of. And to now switch that around is unfair. Do you think that under the abstract elements test, that there's any merit to the state's contention that the other offense, the aggravated criminal sexual assault, is the greater offense? Logically, it can't be in this case, Your Honor, when it is used to support the aggravated kidnapping. Under Section A3, he was charged under the aggravated kidnapping statute without that second act of aggravated criminal sexual assault, they can't sustain an aggravated kidnapping conviction. So it is, therefore, a part of all of the elements of aggravated kidnapping. So under the abstract elements test, it would be your position that the aggravated kidnapping is the greater offense? Yes, Your Honor, in this particular case, the way that it was charged. Yes. The state is asking this court to revisit its decision back in 2004 under the exceptions to the law of the case doctrine. The law of the case doctrine is a rule that says basically the court's decision is controlling and will continue to be controlling as long as the facts in the case remain the same. The facts here have remained the same. There's no argument that the facts have changed. But the state asked this court to apply both of the exceptions to hear its argument. The first exception applies when a reviewing court subsequent to the lower reviewing court's decision makes a contrary ruling on the same issue. And the second exception applies when the court finds that its prior decision was palpably erroneous, but only when the court remained the case for a new trial on all issues. Neither applies here. As to the first exception, the state fails to cite any case where courts have applied this exception in any situation, much less one. And I'll just here, the state also doesn't cite any cases or even argue that this court should retroactively apply. People v. Miller. And it doesn't address the landslide of new appeals that would result from doing so. Under your interpretation of the law, would it make any difference if they applied the abstract test? I mean, would it make any difference in the outcome? Of this case, Your Honor, I don't believe so. I think that it would still be just because of the specific way that the aggravated kidnapping statute is written and the way that it was charged here. I think either way, this court's decision, the rationale of this court's decision back in 2004 was correct. You cannot sustain the aggravated kidnapping conviction here without having aggravated criminal sexual assault as that lesser included offense supporting it. It is the aggravating factor. And as to the second exception, the state says that this court's 2004 decision was palpably erroneous based on the decision seven years later that came out of people v. Miller. However, the second exception only applies when the court remained for a new trial on all issues. And that didn't happen here. Additionally, the state's argument asking this court to revisit its 2004 decision is barred by the doctrines of forfeiture and res judicata. The state didn't make this argument on direct appeal. They didn't file a PRH or a PLA. Additionally, Mr. Brown has raised this issue several times before the trial court. The state, again, did not bring up this argument in any of those proceedings. Accordingly, the state's argument is barred by the doctrines of res judicata, forfeiture. The law of the case exceptions do not apply. What's the aggravated robbery? What's the aggravator? Is it a weapon? What's the aggravator for the aggravated robbery? Your Honor, I don't remember off the top of my head. It's just the threat of a weapon? Okay. Yes. All right. Well, isn't there something illogical about the concept that if the state had it seems to me what you're saying is if the state had elected not to prosecute the aggravated kidnapping and they only prosecuted two counts of aggravated criminal sexual assault and an aggravated robbery, then you'd have three consecutive sentences, right? If they had elected not to prosecute the aggravated kidnapping. They didn't prosecute the aggravated kidnapping. Correct. You have two forms of aggravated criminal sexual assault and you have an aggravated robbery. The aggravated criminal sexual assaults are both triggers, so therefore you're going to have the sentence for each of those and then a following sentence for the aggravated robbery, right? Correct. But now you're saying that if you have the aggravated kidnapping, then you have to merge one of the aggravated criminal sexual assaults into the aggravated kidnapping and then the aggravated kidnapping and the aggravated robbery have to be served together. Correct, Your Honor. So you're saying that because the state decided to prosecute them on an additional charge, he gets a lesser sentence? Correct, Your Honor. Does that make sense? According to the statutes, yes, that's the legislative intent. That's how it was written at the time. That was the law at the time. The state had the option to null-prost that. In fact, they null-prost several counts. So then the lesson for the state is that you don't prosecute the kidnapping charge? It's their choice to charge how they choose to charge. If they're seeking a greater sentence, they surely could have done so differently. At this point, he will be in prison until he dies either way. The point is enforcing the law and the legislative intent as it was written at the time. Well, the trial judge, again, in line with cases, the trial judge is supposed to be the person in the best position to determine the sentence. And in this case, we have a trial judge that was given a mandate that said resentence him but doesn't direct him how to do so. And at that time, he then says, I believe that under A, this is a mandatory consecutive sentence. Now, I think we can infer from that that the only way he can come to that conclusion is that he concluded there was severe bodily harm. So shouldn't we remand this case for the trial judge to either indicate on the record that the aggravated criminal sexual assault was severe bodily harm and therefore the consecutive sentence is triggered? Or he concludes, or she, whoever, would get this case, that the act of the aggravated criminal sexual assault was not severe bodily harm and therefore the sentence would run concurrent? Your Honor, I don't believe that you have to take that step because the court actually imposed the consecutive sentences as far as aggravated criminal sexual assault and aggravated kidnapping under subsection A, which it's undisputed that was improper. And as to aggravated robbery, the court... Well, you're saying it's undisputed that was improper. No, I don't agree. The trial judge concluded on remand after getting this Rule 23 that aggravated kidnapping based on the facts of the case required consecutive sentencing under A. The only way he could have concluded that was based on severe bodily injury. But the record reflects him specifically concluding that subsection A applied because an aggravated criminal sexual assault occurred. He was using the aggravated criminal sexual assault more than once. Well, where in the record did he say this? The transcript in 32 to N33. This is the second sentencing. Right, the re-sentencing. Yes. And reading a case like People v. Tolliver, where a defendant challenged the consecutive sentencing under 84A, the court concluded that the legislature was reasonable to equate Class X or Class I felonies with severe bodily harm to aggravated criminal sexual assault, meaning that they are essentially the same, that they involve severe bodily harm. There was no finding to that effect. I understand, but the court specifically concluded that it was mandatory, and there's only one way he could have concluded that. And there are multiple cases that say when the court enters it under A, Class X, severe bodily harm, the court should remand it for the trial court to make that finding or not.  The court misapplied A, and then the court tried to apply subsection B, which didn't apply at the time. He couldn't use the public interest exception here because this was a single course of conduct. Well, that's what the first trial judge did, Judge Watts. Judge Watts tried to use B for the protection of the public. But when it went back to Judge Gaynor, Judge Gaynor said, I still believe that this applies under A.  That's my understanding. Your Honor, I disagree. He, again, talked about the public interest exception. He spoke at length about the fact that he believed that Mr. Brown needed to be in prison to protect the public. He questioned whether this court knew that he originally sentenced under subsection B. And then on page N33, he specifically used subsection B for the aggravated robbery consecutive. Well, let's talk about that. Now, in this case, if the trial judge found, or your position is that the aggravated criminal sexual assault is the only triggering effects, correct? Did the trial judge find the aggravated criminal sexual assault was the only triggering events? Is that your question? No, no. I'm saying, isn't that your position, that the aggravated criminal sexual assault is the only triggering offense here? For consecutive. Yes. So, when that occurs, let's say that there are multiple offenses. And in this case, we have a finding of aggravated kidnapping. We had two aggravated criminal sexual assaults. We had the aggravated robbery. Initially, the trial judge merged the aggravated kidnapping. Now, since the, on remand, this court concluded the aggravated kidnapping was the greater offense and remanded it for sentencing, why does the court not have the power? When there is no mandatory consecutive sentencing, which you're indicating, for aggravated kidnapping, why can't the court then say, as it did in this case, that if this is not mandatorily consecutive, and I'm talking about the finding only on the aggravated kidnapping, if there's no mandatory consecutive sentencing required, which you're arguing, why can't the court then do, as it did here, and say, under B, I am going to sentence you to a consecutive term based on B that I am trying to prevent future harm to the public from your acts? Because, Your Honor, under the law, in effect, at the time of this offense, that applied to this offense in this sentence, subsections A and B were mutually exclusive, well-established by law. And subsection B could only be applied to offenses that were not committed in a single course of conduct. B, you're saying? Mm-hmm. In what case are you citing? You cited Wilder. Wilder, People v. Kagan, and People v. Cooper, I believe People v. Whitney also discusses, subsection B cannot be applied in this case. Don't those cases say that only when it's not mandatory? Subsection B can only be applied. The law at the time, this subsection B, can only be applied to offenses that were not part of the single course of conduct. Right. Which has since been changed. Right. But at the time. Yes, of course. And the defendant is entitled to be sentenced under whatever would be considered the more lenient provision. So subsection B can't be applied. The state agrees in its brief that subsection B can't be applied. It has to be subsection A. And under one of the ñ well, now the Supreme Court has adopted the abstract elements case, or theory, to determine whether something is the greater offense. In this case, how can this aggravated kidnapping, I mean in the logical sense, be considered greater when it's not subject to the consecutive sentencing provisions that the legislature has mandated for any conviction for aggravated criminal sexual assault? You mean under the abstract elements test? Yes. The people v. Miller? It doesn't look ñ Logically, does that make any sense in this case? Yes, Your Honor, because in order to fulfill aggravated kidnapping, you have to also fulfill all of the elements of aggravated criminal sexual assault. Aggravated kidnapping, as charged in this case, is kidnapping plus all of the elements of aggravated criminal sexual assault. So of course it is logically the greater offense. Well, not really. Just as Palmer pointed out, if he's found guilty of two aggravated criminal sexual assaults, he's subject to a trigger defense for each. But if he's found guilty of aggravated kidnapping and aggravated criminal sexual assault, he's not subject to two trigger offenses. But neither of these tests that were at issue here look at that. They don't look at the consecutive sentencing. They're looking at how it's charged, the charging instrument test, or they're looking at the abstract elements, the elements of what it takes to fulfill the offense. Neither of them look at the consecutive sentencing. Yes. Now, is this previous Rule 23, would you say it's palpably erroneous since it never directed the court in any way, shape, or form, which of these two aggravated criminal sexual assaults it was vacating? No, Your Honor. I don't believe that there's anything wrong with that. The court clearly laid out its rationale. It explained everything. It explained prejudice. It explained why aggravated kidnapping was greater and didn't overstep its bounds, left the trial court to impose its order. And unfortunately, as the trial judge on resentencing expressly stated more than once, he was confused on how to apply the order. All right. And it's your opinion, though, that this order made some sort of finding that it doesn't really say anything about what sentences to impose, does it? It remands it for the trial court to do that. Right. To decide what the appropriate sentences are, it just explains which ones can be consecutive and should be concurrent. Yes. And it says the offense of aggravated kidnapping without proof that the defendant caused severe bodily harm, however, does not trigger consecutive sentences. That it refers to the section. So I don't know that there's any more there than that. It sends it back. It says if the trial court properly merged, the defendant would have received a concurrent sentence. And there was nothing wrong with the court's decision. The court's decision correctly applied the law at the time and instructed the trial court on what to do with the controlling law at the time. And all that was left was for the trial court to correctly apply the law. Unfortunately, the trial court was confused. But you don't think that the finding vacating the conviction is defeating the legislative intent behind the consecutive sentencing provisions of A? No, Your Honor. You don't think there's a strong legislative intent in place that when you're found guilty of committing two discreet acts of sexual assault, that the legislature didn't intend for each of those to be a triggering offense? The way that it's written, it applies exactly the way that this court explained back in 2004. That both acts of aggravated criminal sexual assault all are being punished. They are being accounted for. No, but my question to you is, what is the legislative intent behind A, vis-a-vis 12-13, 12-12, 12-13, and 12-14? To impose consecutive sentences when those convictions are the convictions being sentenced upon. However, the consecutive sentencing statute has to be construed, of course, with all other laws. Yeah, but all I'm asking you is, do you think there's some logic to this? That they would want it when they're separate acts, the intent is to impose a consecutive sentence for each act? If that were the case, Your Honor, then they would have written the aggravated kidnapping statute differently. Well, then the other question is, is there severe bodily harm here? And should we remand this case for the trial court to make that determination? Because the trial judge already indicated on the record, based on the mandate, which was less than clear, that he believed that the aggravated kidnapping required consecutive sentencing. And there's a case, I think we could look, to People v. Williams, 335 Bill F. 3rd, 596, which says when the specific finding isn't made, the appropriate relief is to remand for the court to consider whether or not it is imposing that sentence under the section regarding severe bodily harm. Your Honor, I respectfully disagree. There was no showing here that was not at issue. But even if this court so decides to remand for reconsidering if there's severe bodily injury, it doesn't affect the argument that subsection B can't be applied, only subsection A, and that the merger has to remain the same. Is that what you pointed out to me? Is that what Judge Gaynor said when he, on remand, that he said the reason why I feel there has to be consecutive sentences is because under subsection B, for the protection of the public, that's why I'm doing it? Correct. Is that what he said? Yes. He brought that up more than once on remand, but specifically as to aggravated robbery when he made his final decision on page N33, yes, he said under subsection B, for protection of the public. But what did he say about A? A he used to make aggravated criminal sexual assault and aggravated kidnapping consecutive. He didn't even mention severe bodily injury when doing that. No, but what did he say? Didn't he say anything about why he believed or what he was doing as far as A goes? Yes, he said there's two aggravated criminal sexual assaults. There's the one that the conviction is entered upon, and there is another one that is used for aggravated kidnapping. And somehow he interpreted that as a way to impose consecutive sentences, which is not the way the statute is written. Well, he said he was going to impose it under A, and then he said if it's not consecutive, then under B, I'm finding that in order to protect the public from future harm, I'm sentencing you consecutively. Didn't he say that? I don't believe so, Your Honor. I have the transcript. Oh, okay. You don't think he mentioned – didn't he use B as a backup or something? He mentioned he did that in original sentencing, and that at this point he was doing aggravated robbery under B, making that consecutive under B. Well, the aggravated robbery would follow the other two automatically, wouldn't it? If each were triggering, then the aggravated robbery has to run after those. Correct. Okay. Well, we'll give you some time for a while, and we'll hear from the State. Thank you. Good morning, Your Honors. Again, my name is Assistant State's Attorney Sheila O'Grady Craniac on behalf of the people of the State of Illinois. In this case, counsel states that the sole issue is enforcing the order from the direct appeal in order to give the defendant a 15-year reduction in sentence. However, this Court cannot enforce the order from direct appeal where we now know that it was wrong. Well, let me ask you something. I want to clear this up. Do you agree that what is at issue here is whether or not this defendant should serve a 15-year consecutive sentence on aggravated robbery? That's it? We're talking about 15 years? Yes. Because he's already doing 30 on this case plus an additional 30 on the aggravated kidnapping. Yes. And he's also serving that sentence consecutive to a previous 30-year sentence. Yes, because? Either way, he is serving 90 years regardless of what we do here today. Correct, because the trial court determined that based on the facts of this case, the heinous acts the defendant committed, and his criminal background, that that was the appropriate sentence in this case, 75 years. All right. Where does he say that about the heinous facts? Is that in the record? On the remand? The initial trial court sentencing decision. Based on the facts of this case, defendant's criminal background, 75 years is the appropriate sentence here, not 60. All right. So should we look at what he said the first time? Yes, absolutely. Why is that when we sent it back for a new hearing? Because when the court sent it back, this court improperly extended Novak at the time. At the time, Novak stated that the charging instrument approach only applied to questions of whether the convictions were lesser included offenses for jury instructions, not for king analysis with the one act, one crime. Is that what Novak said at the time? Or is that what Miller said later? At the time, Novak only applied to the jury instructions, and then this court extended it to also apply to one act, one crime analyses under king. What do you mean this court? What are you talking about? In a specific case? Are you talking about in this Rule 23 that we improperly extended it or something? At the time, there was a misunderstanding in the appellate court. There was no clear directive from the Illinois Supreme Court. The Illinois Supreme Court stated that the charging instrument approach only applied to jury instructions. All right. Well, here, let me just backtrack for a minute. At the end of the brief on page 14, I just wanted to know if you made a mistake. You say since the appellate court, do you want to look at your page 14? Yes. It says since the appellate court initially erred in its determination that aggravated criminal sexual assault was a lesser included offense of aggravated kidnapping, defendant's contention now on appeal that his sentence for aggravated robbery cannot be ordered to run consecutively is moot, and then you say this court should reinstate the sentences as initially imposed by the trial court. 30 years imprisonment for each count of aggravated criminal sexual assault to be served concurrent to defendant's sentence of 15 years. Oh, no. That should be consecutive. I apologize. So that was wrong. Okay. What I want to know is you spent a lot of time in your brief talking about why the abstract elements should be applied. What I want to know is what's the following argument, and that is why is the result different if we were to apply the abstract elements test? This isn't really the most important point. Under the abstract elements test, there should actually be four convictions and four sentences here, and there's a missing sentence. Under People v. Seguenza-Britto, we know that we can charge and sentence separately aggravated kidnapping and aggravated criminal sexual assault. The sentence should be two counts of aggravated criminal sexual assault running consecutive, one count of aggravated kidnapping and one count of aggravated robbery. Where is that in your brief, what you're just saying right now? Where is that? I'm sorry. I just want to ask. On further review and preparing for oral argument, we determined that that was the proper remedy in this case. Okay. Well, what is the case you're citing that you didn't cite before? Seguenza-Britto. What's the cite? I don't have that handy. I'm sorry. Is it an Illinois Appellate Court case? It's an Illinois Supreme Court case. All right. And now you're arguing that under that case, there should be four convictions here? Yes. All right. Well, now that's not something that you think we should permit, that you're taking a position now that there should be four convictions in this case and it's not included in the brief? This court has a choice of remedies here. Yes. We cannot continue to have the aggravated kidnapping and the aggravated criminal sexual assault merged together where the aggravated criminal sexual assault merges into the aggravated kidnapping. The sentence cannot stand as it is right now. This court should remand for resentencing. What does the case say that you're referring to now that says that you can have aggravated kidnapping based on aggravated criminal sexual assault and a separate finding for aggravated criminal sexual assault? That's the holding in Seguenza-Britto. But that's not what you argued in your brief? No. And you didn't really argue in your brief how the abstract elements test would change the outcome, did you? Because the abstract elements test, we would have two counts of aggravated criminal sexual assault. Those are statutorily mandated under Subsection A to run consecutively. Defendant's sentence would still be 75 years, not 60, with the aggravated kidnapping. Well, I'm not following. Under the abstract elements test, why doesn't the aggravated criminal sexual assault merge into the aggravated kidnapping? That's the question. Because they're composed of separate statutory elements. They're separate offenses. The aggravated kidnapping has elements that does not include the elements of aggravated criminal sexual assault and vice versa. They're two entirely different offenses. But not the way you charged them. But we don't look at that anymore? You charged aggravated kidnapping based upon an aggravated criminal sexual assault. Now, under the abstract elements test, how do you come to the conclusion that there's any change here in what would have occurred? Because they're based on two separate acts. The aggravated kidnapping is the transportation, and the aggravated criminal sexual assault is the penetration. What made the kidnapping aggravated? Both the underlying felony and also the use of a weapon. But the jury verdict that was allowed to stand was not based on a weapon. The record is clear that the aggravated kidnapping that the judge originally merged was based on an aggravated criminal sexual assault, not a gun. Correct. So under the abstract elements test, are you saying that, don't you look at all the elements? Yes, and there's elements. Miller says you compare the elements. Now, if you look at the elements in this case, the elements of the aggravated criminal sexual assault are all included in that count that charged aggravated kidnapping based upon aggravated criminal sexual assault. Correct. So then under the abstract elements test, the greater offense is aggravated kidnapping. You're saying that there's case law that says something different? Yes. So why did you put that in your brief? It was my mistake, Your Honor. I apologize. Well, what's the rationale of that case? It seems, as Justice McBride just set out, all the elements of aggravated criminal sexual assault are present in the aggravated kidnapping charge. So it seems that under the abstract elements test, you have an included offense. The aggravated kidnapping has an additional element, that is the secretly confining. But all of the elements of aggravated criminal sexual assault are present because aggravated criminal sexual assault is present in the aggravated kidnapping. So what does that case say that would lead us to a different conclusion? In this case, the aggravated kidnapping and the aggravated criminal sexual assault are two separate acts. The initial trial court's decision was correct, and this court improperly merged the offenses on appeal. This court should not allow a defendant to have a 15-year reduction in a Well, what about the previous order that we entered in this case? Doesn't it suggest that he should be sentenced concurrently? But that previous order was based on a mistaken assumption that the aggravated criminal sexual assault should merge into the aggravated kidnapping. Yeah, but I don't think that we're convinced yet that under your theory,  that the aggravated criminal sexual assault is a greater offense. Then the appropriate remedy for this court would be to remand, to resentence defendant so that he still receives the 75-year sentence that the trial court initially imposed because it found that that was the appropriate sentence in this case. Although defense convictions cannot stand as they are right now because the aggravated kidnapping cannot run consecutively, then this court should remand for resentencing in accordance with the trial court's initial decision where that was the appropriate sentence for this defendant based on these facts and this criminal background. Well, aren't you really trying to appeal a decision that we entered years ago? The State is not the moving party here. The defendant is. The defendant is the one asking for relief. No, but you're asking us to conclude that the decision that was previously entered is palpably erroneous. Yes. So aren't you asking for relief there? You're asking us to go back and say that the decision that we entered was palpably erroneous. Yes. But it doesn't seem to be palpably erroneous because at the time there were cases that were using the charging instruments approach to determine  Yes, because those cases were improperly extending. Novak never stated that that was the proper approach for one act, one crime analysis under King. And in Miller, the court clarified that it should have been the abstract element test all along. So you're saying that the cases that the rule relied on, the Rule 23, were cases that had already improperly extended Novak. Yes. That Novak. So then in Miller, did the court say that we're rejecting what we said in Novak, that this should be used for determining the greater versus the lesser? The latter, Your Honor. The court said that that was never our intent, that was never our meaning when we wrote Novak. Exactly. Well, what would make it palpably erroneous when at the time the Supreme Court hadn't made their statement? Why should we apply Miller to the Rule 23 that was entered in 2004? Because we now know Miller to be the correct law, we cannot ignore that directive from the Illinois Supreme Court that that's the test that we should use. All right. Well, what if you're wrong about Miller? What if you're wrong when you say that the aggravated kidnapping is not the greater offense? Correct. What if you're wrong about that? What if under the abstract elements test, the way we read it, it is that you look at all the elements. The state is the one that charged this offense as aggravated based on an aggravated criminal sexual assault. So if you simply look at the elements needed for your aggravated kidnapping charge, you need to prove an aggravated criminal sexual assault, but you also need to prove the elements of secretly confining the victim against her will. So you have more elements in your aggravated kidnapping charge than you do in the aggravated criminal sexual assault. And I thought that was what the abstract elements test is all about. That's how I read Miller. Correct. Well, then I don't understand how you can argue that this offense is not a lesser included based on the way it was charged at the time. Let me ask you something else. Under the criminal sexual assault statute, is it your understanding that you can make a criminal sexual assault aggravated if it's based upon the commission, if at the time another felony is being committed? Is that your understanding or not? Yes. I don't have the statute directly in front of me. I know that if you use a weapon, a criminal sexual assault can become aggravated. There's other factors. Yes, it can be aggravated based on the commission of another felony. But in this case, you decided to do the flip of that. You decided to make the aggravated kidnapping. It was aggravated based on the commission of the aggravated criminal sexual assault. There were several theories advanced at trial, and I believe that was one of them, yes. Are you taking the position that they're not included offenses because they're separate acts? Yes. But isn't that contrary to what you said in your brief about what the Supreme Court said in Miller? You're skipping a step. It's a two-step process. The first step is are they separate or multiple acts? But then even if they are multiple acts, then you go to the question of whether they're included. That's a quote from your brief. Then the appropriate remedy in this case would be to remand for resentencing, not the remedy the defendant is seeking, to just lop off 15 years of the sentence. As it stands, the sentence is confusing. The appropriate remedy would be to remand for resentencing, but to not have the aggravated kidnapping have the aggravated criminal sexual assault merge into the aggravated kidnapping, because we now know that that is improper. We cannot do it under the charge and instrument approach. The appropriate remedy in this case would be to remand for resentencing on all counts. Well, I'm still looking for an answer as to why that's improper under the abstract elements test. I know the brief takes a position that we need to apply the abstract elements test, but the question we're still seeking an answer to is why, assuming that you're correct and that we should use the abstract elements test, why is aggravated criminal sexual assault an included offense of aggravated kidnapping? It's not because they're separate acts. So that's the question I think that's before us. If this Court likes, I will file a supplemental brief addressing that question. Well, they're separate acts certainly of the, in terms of aggravated criminal sexual assault. Those were separate acts. But one of them, according to the previous order, was, I don't know which one was part of the aggravated kidnapping. It seems to me that it's an interesting quirk in the law that if, as I said before, that if you wound up back in front of the trial court and the state's attorney said, oh, wait, Judge, by the way, we want to nolly, we want to vacate and nolly the aggravated kidnapping, then you'd wind up with the same sentence. I don't know if that's really a question. It's just a statement. Unless I'm missing something. And if I am, that would be fine because it's not the first time. But it seems to me that if you went back and you nollied, if you vacated and nollied the aggravated kidnapping, and then you had an aggravated criminal sexual assault, an aggravated criminal sexual assault, an aggravated robbery, you'd have three consecutive sentences. Yes. So you guys overcharged the case. Well, I don't know that, if this were remanded for resentencing, I don't know that you'd have any right to, you certainly could nolly the aggravated kidnapping, but I don't know that that gives you the right to resurrect the other offense. Because we know that that offense should not have merged. Well, I don't think we know that at all. That's the problem that we're dealing with sitting here, is you keep saying that this should be the greater offense, but was the case that you cited decided after Miller or before? After. It was decided after Miller? Yes. And you're saying that case says what? That aggravated kidnapping and aggravated criminal sexual assault are not lesser included offenses, even when they arise out of the same course of conduct. As a general principle or with regard to the fact specific to that case? As a general principle. All right, what is that name of that case again? Seguenza-Britto, S-I-G-U-E-N-Z-A hyphen B-R-I-T-O. Would you slow down and spell that again? Sorry, S-I-G-U-E-N-Z-A hyphen B-R-I-T-O. B-R-I-T-O. Was the aggravating factor in the case you just cited, the criminal sexual assault, or was it the use of a weapon? You don't know. Believe me, we're not going to let you make arguments about him. I'm sorry. Go ahead. Because your opponent says it's how the case was brought to the jury. They found beyond a reasonable doubt that there was aggravated criminal assault. They did not find that there was a weapon involved. And so the aggravating factor here is the aggravated criminal sexual assault. So if that's found in the necessary part of aggravated kidnapping, that's where we're stuck. Right. But basically the main issue here is that defendant is asking for a 15-year reduction as the remedy, and that is not the appropriate remedy in this case. Well, but in some ways the import of this prior Rule 23 suggests that he was entitled to a concurrent sentence. Not where he was convicted of two separate counts of aggravated criminal sexual assault. Those are both mandatory triggering offenses. Well, I'm not sure what your argument is right now. It's just that this court previously said that this offense is the greater offense. Yes. And therefore we're vacating one of the convictions and we're remanding it for resentence. Yes. And on remand, I'll have to look more closely at what Judge Schultz said. But he was certainly and properly confused when the Rule 23 didn't tell him which of the aggravated criminal sexual assaults was being vacated. Correct. But then I believe he said, I'm sentencing consecutive under A again. Well, we'll have to look at what he said. But I do want to point out that if we were to allow the parties further briefing, I don't think we're going to not let counsel respond to this case. So we'll decide whether we're going to allow the parties to do any further briefing. Okay. Is there anything further that you wish to add? No, thank you, Your Honor. All right. Ms. Wheeler? Just briefly, Your Honor. And if you wish, we certainly don't want to not allow you to respond. And a case was cited today that has not been discussed by either of the parties. So if you wish to file something in writing, we would certainly permit that. If we're going to do that, though, we'll probably let the state do the same. But it would be simultaneous, and we would ask that it be done within two weeks and that it be limited to about five pages. Okay. Yes, Your Honor. I appreciate the opportunity. Thank you. All right. Just to briefly reiterate, Miller can't be retroactively applied here. The state hasn't demonstrated that. But even if it were, as we've discussed, the abstract elements test wouldn't change the outcome here. The second aggravated criminal sexual assault count is the lesser included of the aggravated kidnapping. This argument about the law of the case doctrine is barred by Fourth Jurisdiction. Neither of the exceptions apply. And again, your arguments are that the palpably erroneous shouldn't be applied for what? There's two reasons, and you indicated in your brief already. Right. Well, the palpably erroneous exception only applies where the court has remanded the case for a new trial on all issues. And that didn't happen in this case. So that exception doesn't apply. Yes. The other exception is where a higher reviewing court, subsequent to the lower court's decision, makes a contrary ruling on the same issue. Miller isn't necessarily a contrary ruling. It explicitly stated that it was for the first time considering the abstract elements test versus charging insurance test and determined for the first time that this was the preferable test to be used. It in no way indicated that it was overruling all previous mergers that had taken place. It wasn't ordering that all convictions be relooked at. That would be ridiculous, and would completely exhaust the trial court and appellate court's resources. And wasn't it sort of looking at that because there were differing views on what? Didn't the court say that the courts have used differing views to determine when something is a lesser included offense and that in the instance of Miller they were saying that the charging instrument approach had been appropriate when it was relating to jury instructions, but it isn't appropriate necessarily when you're looking at whether something is the greater versus the lesser offense. And that for the first time they were saying, we now say that in order to determine whether something is the greater versus lesser, we're going to direct our courts to use the abstract elements test. Correct, Your Honor. It did discuss all of it, and it narrowed it down to when it is illogical. So in most instances it said abstract elements will be the logical test, but only if it's logical to do so, if it is illogical and it doesn't effectuate legislative intent. But there is something kind of illogical about this case. And that is that, as Justice Palmer pointed out, if they had simply nollied the aggravated kidnapping, then the defendant would be, the convictions that would remain standing, would be two separate aggravated criminal sexual assaults and the aggravated robbery. And he would be subject to the sentence would have been appropriate. But since they charged him with aggravated kidnapping, then the intent is completely defeated because he's not being sentenced consecutively for the aggravated kidnapping. Yes, Your Honor, but the state is given discretion in charging defendants. And they're given the power to do so with knowledge of what the potential sentences could be. This is how they chose to charge him. They even picked a bunch of them to null profs. So this is what it came down to. This was a decision. They can't go back on it now because they failed to look at what might happen under the consecutive sentence. But if the court concluded there was severe bodily harm committed, then the sentence would stand. Right. And the court didn't make that conclusion. It even considered it when defense counsel on remand was making her arguments. He even clarified, okay, it has to be either severe bodily injury or this aggravated criminal sexual assault for A. And he didn't go and make that finding. And he even said it. But what does it say? So in the record, we would be able to see that he was rejecting that idea. I don't know that he explicitly says, I don't find severe bodily injury, Your Honor. I'd have to re-read it again. My point is that he did consider that that was one of the two options for subsection A. And then he clarifies, understanding what he thinks this court meant in its 2004 decision. And he says, just to be clear, here's how I'm deciding. Do you think there are any, just from a philosophical viewpoint, do you think there are any victims of aggravated criminal sexual assault out there that would ever contest that they were subject to severe bodily harm? I can't put myself in their shoes, luckily for me, but that's not the decision. That's not what the law looks at. No, I know, but I'm just saying in terms of severe bodily harm, I don't know that that's really off the mark at all. Because in Segarra, the Supreme Court said, and this was before the renovation, shall we say, of the previous rape statute, before the legislature took on and revamped the entire act when it became gender neutral, that there was no longer this requirement that had been in place for rape. The elements were completely thrown out and new ones were put in. But in Segarra, before this legislative revamping, the Supreme Court said rape is unlike other offenses. With each act, the victim's psychological constitution and most intimate part of her being have been violently invaded. And in Tolliver, the court points out how it was easy to see how the legislature had paired Class X and Class 1's rape bodily, the severe bodily injury, with all acts of aggravated criminal sexual assault. They were on the same footing. So there's something terribly illogical about this case in terms of the outcome that you're suggesting because the legislative intent is clear as far as aggravated criminal sexual assault that any individual act will be a triggering effect. Your Honor, I would submit that this court correctly applied the law that it was at the time of the offense. And my client is entitled to notice of what the law was. If there was some ambiguity or some loophole or some problem, that is for the legislature to fix. And I believe the legislator did actually later fix that and revamp, obviously, the consecutive sentencing statute. That's the process. That's the procedure. It can't be used now to retroactively punish my client or change the charges in the sentence that he had due process. No, I agree with you. But I do question what the trial court's reasoning was when it reimposed the consecutive sentence again for the aggravated kidnapping offense. Under A, it had to conclude there was severe bodily harm. Was there any evidence at trial that the victim suffered any harm? Was there any evidence other than the obvious? I can actually accept. Was there any other evidence of harm? Not off the top of my head, Your Honor. I would have to double-check, and I can include that in the supplemental brief. Also, I just wanted to point out something that we spoke about when I first was up. On page N33, the court does explicitly say that as to count 26, the aggravated robbery, I am sentencing him to 15 years, again exercising my discretion to protect the public. So he is explicitly saying that he was doing that under subsection B, which, as we discussed, was improper. The law doesn't allow it for a single course of conduct at the law at the time. If there's no further questions? All right. Thank you for your comments. And as far as the briefing goes, we won't enter a further order, but the parties are allowed to submit a brief, no more than five pages in length, within 14 days, specifically addressing this Sequenza Brito case. All right. And we appreciate the arguments, and the case will be taken under advisement. Thank you. Thank you, Counsel.